UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COREY KEARN,<br><br>                Plaintiff,<br>   v.<br><br>LAKEWOOD POLICE DEPARTMENT,<br>OFFICER REIGLE, OFFICER HALL,<br>and OFFICER RUSSELL,<br><br>                Defendants. | No. C10-5334 RBL/KLS<br><br>ORDER DENYING MOTIONS FOR THE APPOINTMENT OF COUNSEL |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court are Plaintiff's motions for appointment of counsel. Dkts. 17 and 18. Having carefully reviewed Plaintiff's motions, and balance of the record, the Court finds, for the reasons stated below, that Plaintiff's motions should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

ORDER DENYING MOTION FOR COUNSEL - 1

U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require development of further facts during litigation. But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

Plaintiff maintains that he should be appointed counsel because he cannot afford counsel, proceeding *pro se* is challenging, and he suffers from bipolarism. Dkt. 17, p. 1.

Plaintiff's inability to obtain counsel and lack of legal skills are not exceptional circumstances which warrant the appointment of counsel. There is nothing in the motion for counsel presented to the court to indicate that a finding of exceptional circumstances is warranted in this case. While Plaintiff may not have vast resources or legal training, he meets the threshold for a pro se litigant. Concerns regarding investigation and discovery, an absence of legal training and limited access to legal materials are not exceptional factors, but are the type of

ORDER DENYING MOTION FOR COUNSEL - 2

difficulties encountered by many pro se litigants.  There are also numerous avenues of discovery available to the parties through the Federal Rules of Civil Procedure during the litigation process.

Although Plaintiff states that he has a long history of mental illness and is in fact, bipolar, he has not demonstrated how this condition prevents him from adequately pursuing his claims.  Plaintiff filed his complaint *pro se* and he has demonstrated an adequate ability to articulate his claims *pro se*.  Plaintiff has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them.  Plaintiff has also not shown a likelihood of success on the merits.

Accordingly, Plaintiff's motions to appoint counsel (Dkts. 17 and 18) are **DENIED**. In addition, Plaintiff's requests for a scheduling order are premature.  The court will issue a scheduling order after defendants are served and have filed their answer to the complaint.  The Clerk is directed to send copies of this Order to Plaintiff.

DATED this  16th  day of August, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL - 3