UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COREY KEARN,<br><br>                    Plaintiffs,<br><br>    v.<br><br>LAKEWOOD POLICE DEPARTMENT, OFFICER REIGLE, OFFICER HALL, and OFFICER RUSSELL,<br><br>                    Defendants. | No. C10-5334 RBL/KLS<br><br>ORDER REGARDING PLAINTIFF'S MOTIONS TO STAY AND FOR EXTENSION OF TIME |

Before the Court are three motions filed by Plaintiff: (1) Motion for Extension of Time to Prepare Second Interrogatories (ECF No. 42); (2) Motion to Stay Case Pending Release on August 18, 2011 (ECF No. 47); and, (3) Emergency Motion for Extension of Time (ECF No. 47). The latter two motions were filed after Defendants filed their Motion for Summary Judgment. ECF No. 44. In that motion, Defendants contend that Plaintiff's claims of excessive force must be dismissed because he has failed to allege sufficient facts and further, that Defendants are entitled to qualified immunity. *Id.* The Court grants Plaintiff's motion for additional time to respond to Defendants' motion for summary judgment but denies the other motions.

**BACKGROUND**

This case is proceeding on Plaintiff's Amended Complaint against the Lakewood Police Department and Officers Reigle, Hall, and Russell, filed on June 11, 2010. ECF No. 8. Plaintiff alleges that these officers used excessive force during his arrest on January 12, 2010. *Id.*, p. 2.

ORDER - 1

Pursuant to the Court's Scheduling Order, discovery was to be completed by May 6, 2011. ECF No. 25.

On April 20, 2011, the discovery deadline was extended at Plaintiff's request until June 3, 2011. ECF No. 29. At that time, Plaintiff had not engaged in any discovery efforts, but required the extension because he was undergoing mental health treatment. ECF No. 28, pp. 1-2. On May 18, 2011, the Court denied Plaintiff's second request for an extension of the discovery deadline because at that time, Plaintiff had taken no steps to prosecute his case other than to file repeated requests for counsel and had declined to discuss a discovery plan with defense counsel. ECF No. 38, p. 2.

Plaintiff's deposition was taken on May 20, 2011. At that time, Plaintiff was advised that Defendants intended to file a motion for summary judgment dismissal of his claims. ECF No. 49 (Declaration of Shannon M. Ragonesi). On July 8, 2011, the parties held a telephone conference to discuss discovery. Although Plaintiff had failed to serve his written discovery requests within the time required by the Court's deadline, Defendants agreed to provide Plaintiff with copies of police reports, video recordings of statements made during the police investigation, medical records from the hospital that provided treatment to him on the night of the incident, and photos taken of him on the night of the incident. A subsequent telephone conference between the parties confirmed that Plaintiff received and reviewed the materials produced by Defendants. I*d.*

In his first motion, filed on July 20, 2011, Plaintiff requests additional time to send a second set of interrogatories because now that he has received the police report from Defendants, he has the names of all the officers involved. In addition to the officers already named as Defendants, apparently Officers Rickerson and Osness were also involved in his arrest. ECF No.

ORDER - 2

47. Plaintiff does not describe the nature of the discovery he hopes to obtain from these officers. *Id.*

On August 4, 2011, Defendants filed their motion for summary judgment. ECF No. 44. The motion was noted for August 26, 2011. *Id.*

On August 11, 2011, Plaintiff filed a notice of change of address and motion to stay. ECF No. 47. In this motion, Plaintiff states that he is being released from the Washington Corrections Center (WCC) on August 18, 2011 and as of August 9, 2011, he was no longer allowed to review his case files because legal materials were not allowed at the WCC "R-Units." ECF No. 47.

On August 12, 2011, Plaintiff filed an "Emergency Motion for Extension of Time and Notice of Change of Address." ECF No. 50. In this motion, Plaintiff asks the Court for a thirty day extension of time because he would not be receiving his law materials from WCC until after his release on August 18, 2011. *Id.*, pp. 1-2.

## DISCUSSION

**A.     Plaintiff's Motion to Extend Discovery (ECF No. 42)**

In this motion, Plaintiff requests another extension of the discovery deadline so that he may send additional interrogatories to police officers identified in the police reports.

This lawsuit has been pending since May 11, 2010, when Plaintiff claimed that Officers Reigle, Hall and Russell used excessive force against him. ECF No. 1. Plaintiff named the same three officers in his amended complaint. ECF No. 8. The parties were originally given six months to pursue discovery and at the request of Plaintiff, discovery was extended another month. ECF Nos. 25 and 29. However, as noted above, Plaintiff failed to request any discovery before the second discovery deadline. Nevertheless, Defendants produced police reports, video

ORDER - 3

recordings of statements made during the police investigation, medical records and photos of Plaintiff.

Plaintiff claims that his first interrogatories were weak because he did not know the officers involved and now that he has the police reports, he can send additional interrogatories to other officers named in the report.  ECF No. 42.

Although Plaintiff's motion to extend the discovery deadline was filed approximately one week before Defendants filed their motion for summary judgment, the record reflects that Plaintiff has known since May that Defendants would be filing the motion.  Although Plaintiff did not receive the police reports until July, that production was made even though Plaintiff had not made any efforts at timely discovering anything material to his case.  More importantly, Plaintiff has not provided the Court with any explanation of why he needs the additional discovery and why the discovery deadline should be extended.   Plaintiff has offered no good basis to extend the discovery deadline yet again.

Plaintiff also fails to offer any good faith basis to extend Defendants' motion for summary judgment.  Rule 56(d) of the Federal Rules of Civil Procedure allows the Court to continue a summary judgment motion when further discovery might lead to evidence establishing a genuine issue of material fact, if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.  Cases interpreting former subdivision (f), make clear that a party seeking a continuance under Rule 56 must demonstrate that there are specific facts he hopes to discover if granted a continuance that will raise a genuine issue of material fact.  *Harris v. Duty Free Shoppers Ltd. Partnership*, 940 F.2d 1272, 1276 (9th Cir.1991); *Carpenter v. Universal Star Shipping, S.A.*, 924 F.2d 1539, 1547 (9th Cir.1991).  "The burden is on the party seeking to conduct additional discovery to put forth

ORDER - 4

sufficient facts to show that the evidence sought exists." *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1416 (9th Cir.1987). *See also Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (party opposing on Rule 56(f) grounds needs to state the specific facts he hopes to elicit from further discovery, that the facts sought exist and that the sought-after facts are essential to resisting the summary judgment motion); *Hancock v. Montgomery Ward Long Term Disability Trust*, 787 F.2d 1302, 1306 n. 1 (9th Cir.1986) (holding that the party opposing summary judgment "has the burden under Rule 56(f) to show what facts he hopes to discover to raise an issue of material fact"). Plaintiff has not based his motion on any legitimate need for additional discovery.

The court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the court may deny or limit discovery. Fed. R. Civ. P. 26( c). A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), *amended at* 906 F.2d 465 (9th Cir. 1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984).

As noted above, Defendants argue, *inter alia,* that summary judgment is appropriate because they are entitled to qualified immunity. When government officials raise the issue of qualified immunity, discovery should not proceed until this threshold issue is resolved by the court. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982); *Anderson v. Creighton*, 483 U.S. 635 646 n. 6, 107 S. Ct. 3034, 3042 n. 6 (1987), *DiMartini v. Ferrin*, supra, 889 F.2d at 926. The Harlow qualified immunity standard is meant to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government. *Harlow*, 457 U.S.at 817. For this reason, the Supreme Court has emphasized that qualified immunity questions should be resolved at the earliest possible stage of litigation, with a court

ORDER - 5

first determining whether the acts defendants are alleged to have taken are actions that a reasonable official could have believed lawful. *Anderson*, 483 U.S. at 646 n. 6. If they are not, and if the actions the defendants claim they took are different from those the plaintiffs allege (and are actions that a reasonable official could have believed lawful), then discovery may be necessary before a motion for summary judgment on qualified immunity grounds can be resolved. *Id*.

Plaintiff has been given ample opportunity to pursue discovery in this case. Therefore, the discovery deadline shall not be extended. Defendants have been defending this lawsuit since June of 2010 and are entitled to have their motion for summary judgment heard without further delay. However, as discussed below, the Court finds that Plaintiff's release from prison and temporary lack of access to his legal materials warrant a short extension of his deadline to respond to Defendants' motion for summary judgment.

**B.     Motions to Stay and Emergency Motions for Extension of Time (ECF Nos. 47 and 50)**

In his first motion, Plaintiff requested a stay because he was not allowed to access his legal materials pending his release from prison on August 18, 2011. ECF No. 47. In his second "emergency" motion, Plaintiff requested a thirty day extension because he would not receive his legal materials from WCC until after his release on August 18, 2011. ECF No. 50.

Due to Plaintiff's change in address and inability to access his legal materials until after his release from incarceration, a short extension of time to respond to Defendants' motion for summary judgment is warranted.

Accordingly, it is **ORDERED:**

ORDER - 6

(1) Plaintiff's motion for an extension to prepare a second set of interrogatories (ECF No. 42) is **DENIED;**

(2) Plaintiff's motion to stay (ECF No. 47) is **DENIED as moot**;

(3) Plaintiff's "emergency" motion for extension of time (ECF No. 50) is **GRANTED.** Plaintiff shall file his response to Defendants' Motion for Summary Judgment (ECF No. 44) **on or before October 18, 2011.** Defendants may file a reply **on or before October 24, 2011.**

(4) The Clerk shall **re-note** Defendants' Motion for Summary Judgment (ECF No. 44) for **October 24, 2011.**

(5) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

DATED this   21st   day of September, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 7