HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COREY KEARN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LAKEWOOD POLICE DEPARTMENT, et al.,<br><br>　　　　　　Defendants. | CASE NO. C10-5334-RBL<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(Dkt. #89) |

Plaintiff Corey Kearn filed this 42 U.S.C. § 1983 suit against various police officers, alleging some officers used excessive force and others failed to intervene during the use of excessive force when they arrested him. Here, Pierce County deputies Jeffrey Reigle and Mark Rickerson move to dismiss. The motion is granted.

**I. FACTS**

On January 12, 2010, Kearn stole a laptop from a residential home. After the theft, Kearn was pulled over by officers, but then fled, leading Lakewood police and Pierce County deputies on a high-speed chase until the officers used a "pursuit intervention technique" maneuver to stop Kearn's car. Officers removed Kearn from his car and handcuffed him. Kearn alleges the officers then assaulted him.

1       Kearn filed his original complaint from jail, *pro se*, on May 11, 2010.  The complaint

2   named Reigle as a Defendant; however, Kearn mistakenly believed Reigle was a Lakewood

3   officer.  Reigle is, in fact, a Pierce County deputy.  Due to that error, Reigle was never served,

4   despite an attempt at service through the Lakewood Police Department.

5       Kearn's original complaint did not name Rickerson as a Defendant.

6       In June 2012, a little over two years after filing his original complaint, Kearn was

7   appointed counsel.  In February 2013, the Court permitted Kearn to amend his complaint for the

8   fourth time.  The Amended Complaint again named Reigle, but also added Rickerson.  Kearn

9   served Reigle on February 4, 2013; Rickerson has not yet been served.

10      Defendants Reigle and Rickerson moved to dismiss Kearn's claims against them, arguing

11  that the claims are barred by late-service and the statute of limitations.

## II. DISCUSSION

**A.  Kearn's Claims Against Rickerson Are Barred by the Statute of Limitations.**

14      Rickerson argues that the statute of limitations bars Kearn's claims because the Fourth

15  Amended Complaint was filed after the three-year statute of limitations period.  Defs.' Mot. to

16  Dismiss, Dkt. #89 at 10.  In response, Kearn asserts that his claims against Rickerson in the

17  Amended Complaint relate back to the date Kearn filed his original complaint, and thus, are still

18  timely.  Pl.'s Resp., Dkt. #102 at 7–9.

19      Plaintiffs must bring § 1983 claims within three years.  *Wilson v. Garcia*, 471 U.S. 261

20  (1985) (statute of limitations for 42 U.S.C. § 1983 claims is the forum state's limitation period

21  for personal-injury claims); Wash. Rev. Code § 4.16.080 (Washington's limitation period is three

22  years).

The claims are barred by the statute of limitations. Kearn was arrested in January 2010, but failed to file his claim against Rickerson until February 2013—three years and one month later.

Additionally, Kearn's claims against Rickerson do not relate back to the date of the original complaint. An amendment adding a defendant relates back to the date of the original complaint if three conditions are met: (1) if the amendment arises out of the same conduct asserted in the original complaint; (2) if the new defendant "received such notice of the action that [he] will not be prejudiced in defending on the merits"; and (3) if the new defendant "knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). Further, the newly-added defendant must receive actual notice of the suit and constructive notice of the mistake (i.e., elements two and three) within 120 days of filing. *Id.* (noting that defendant must receive notice of suit and have constructive notice of mistake within the time period specified by Fed. R. Civ. P. 4(m)—120 days).

While Kearn's claims against Rickerson arise out of the same conduct alleged in the original complaint, Rickerson did not receive actual notice of Kearn's lawsuit within 120 days of the original complaint's filing. Kearn filed his original complaint on May 11, 2010, but Rickerson did not learn about Kearn's suit until October 2012. Rickerson Decl., Dkt. #92 at 2. Since Rule 15(c)(1)(C)(i)'s notice requirement is not met, Kearn's claims against Rickerson do not relate back.

For these reasons, the Court dismisses Kearn's claims against Rickerson.

**B. Kearn's Claims Against Reigle Are Barred Because Kearn Failed to Timely Serve Reigle.**

Reigle argues Kearn's claims against him are barred because Kearn failed to timely serve the Complaint under Federal Rule of Civil Procedure 4(m).  Defs.' Mot., Dkt. #89 at 8.

Under Rule 4(m), a court must dismiss an action without prejudice if a defendant is not served within 120 days after the complaint was filed.  Fed. R. Civ. P. 4(m).  If the plaintiff shows good cause for the failure to serve, then the court must extend the service time for an appropriate period.  *Id.*  If the plaintiff fails to show good cause, the court may dismiss without prejudice or extend the service time period.  *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).  In determining good cause, the court may consider "factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service."  *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (citation and internal punctuation omitted).

In this case, Kearn filed his original complaint on May 10, 2010, but Reigle was not served until February 4, 2013—more than three years later and outside the statute of limitations. Dkt. #97.  Kearn argues that good cause exists given the "considerable confusion" about whether Reigle was an officer with the Lakewood Police Department.  Pl.'s Resp., Dkt. #102 at 11. Kearn also argues that his initial *pro se* status and incarceration provide good cause.  Pl.'s Resp., Dkt. #102 at 12–13.

The Court will assume that these factors constitute good cause; but even then, good cause ceased to exist when Kearn was appointed counsel on June 14, 2012.  Upon appointment of counsel, Kearn was responsible for notifying his attorneys of the failure of service.  Even without that notice, Kearn's counsel learned that Reigle was a Pierce County deputy and had not been served.  Pl.'s Resp., Dkt. #102 at 4.  Indeed, in August 2012, Kearn was notified that Reigle

1  would not waive his defenses under Rule 4(m).  Hamilton Decl., Ex. B, Dkt. #91.  There is no

2  indication that Reigle attempted to evade service.

3  Because good cause ceased to exist in June 2012, and Kearn failed to serve Reigle within

4  120 days after, the Court must conclude that dismissal under Rule 4(m) is appropriate.

### III. CONCLUSION

For the reasons stated above, Motion to Dismiss (Dkt. #89) is **GRANTED**, and all claims against Defendants Reigle and Rickerson are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated this 8th day of April, 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE